COWEN, Circuit Judge,
dissenting.
For “[ejvidence of a crime, wrong or other act” to be admitted pursuant to Federal Rules of Evidence 404(b) it must fit into a chain of logical inferences that lead to a permissible purpose, none of which can be that because the defendant acted in a particular way on a prior occasion he was more likely to have committed the crime. U.S. v. Sampson, 980 F.2d 888, 887 (3d Cir.1992). The government, the lower courts, and the majority rely on that exact forbidden inference to conclude that the evidence that defendant stabbed Nonceba Prince makes it more likely that defendant intentionally stabbed Isaiah Pereira. And, in the only reference to this evidence during closing argument, the government urged the jury to draw this forbidden inference by stating “the only brother in that house that has a conviction for a felony that has been tried for a stabbing with a knife and that is in this court for yet another stabbing is Glenford Prince.”[1] Because there is no permissible purpose for this evidence and its admission constituted plain error, I respectfully dissent. The trial court’s judgment should be reversed.
Like the evidence in U.S. v. Moore, 375 F.3d 259, 263-64 (3d Cir.2004), admission of the Nonceba stabbing wholly fails this Court’s four-factor standard governing admissibility of Rule 404(b) evidence: (1) there is no proper evidentiary purpose, (2) the evidence is irrelevant under Rule 402, (3) the evidence’s prejudicial effect far outweighs its probative value, and (4) the trial court did not give a limiting instruction. See U.S. v. Butch, 256 F.3d 171, 175 (3d Cir.2001). In Moore, the defendant was tried for arson and possession of a firearm by a convicted felon. Testimony that defendant had a violent relationship with his ex-girlfriend, used drugs habitually, beat his girlfriend’s son, and threw his girlfriend down a flight of stairs did not have a permissible 404(b) purpose, “was highly prejudicial and wholly irrelevant,” and af *996 fected the defendant’s substantial rights. Id at 265. Its admission was plain error, requiring reversal.
Here, like in Moore, the evidence that defendant stabbed another individual, years earlier and under different circumstances, is a completely separate and unrelated act from the charged crime. The acts are not unified by an overarching scheme and are even further in temporal proximity than the acts in Moore. The argument that the evidence shows an absence of mistake or intent in the charged act because both the prior act and the charged act involved knives relies on the impermissible character inference that defendant has a propensity to use knives for acts of violence. While this inference might be permissible to show identity in some cases, identity was not at issue in this case.
Furthermore, unlike in Gov’t of the V.I. v. Harris, 938 F.2d 401, 420 (3d Cir.1991), relied on by the majority, where the defendant was tried for his wife’s murder and the permissibly-admitted Rule 404(b) evidence was acts of violence against his wife, defendant was not on trial for an act committed against Nonceba Prince. In Harris, evidence that the defendant attempted to stab and strangle his wife in the past showed his intent to murder her, regardless of whether a fact-finder inferred that the defendant had a propensity for violence. Here, without drawing the impermissible inference that defendant has a propensity to use knives or is a violent person, evidence of the Nonceba stabbing does not show intent, absence of mistake, or any other relevant Rule 404(b) purpose. The evidence of the Nonceba stabbing “came in for one reason and one reason only: to demonstrate [defendant’s] propensity to act in a particular manner, i.e., to be a very violent man, whose violence made the [commission of the charged crime] more likely.” Moore, 375 F.3d at 264.
In addition to not being probative of a relevant and permissible Rule 404(b) purpose, the evidence is highly prejudicial. That both acts involved the same weapon invites the impermissible propensity inference more strongly than if the defendant had used different weapons. Furthermore, Nonceba’s rebuttal testimony went well-beyond the fact of the prior stabbing. The testimony that the prior stabbing happened seemingly unprovoked and while Nonceba was in bed portrays defendant as savagely violent and premeditative. Undue prejudice is compounded by the lack of a limiting instruction and the government’s comment regarding the evidence during closing argument.
The evidence was admitted in error. And it is not “highly probable” that the error did not contribute to the judgment. Id. at 265. As such, the error in admitting evidence of the prior stabbing affected defendant’s substantial rights.
For the foregoing, the admission of the evidence constituted plain error. Consequently, I respectfully dissent. I would reverse the judgment of conviction and remand for a new trial.

. Contrary to the majority’s statement that this evidence was "used in support of the position that Prince's stabbing of Isaiah was deliberate, not a mistake or accident,” (Opinion n. 5) at no time while in the presence of the jury did the government advance this argument. To the extent that the government stated during closing argument that the evidence “can be used to show absence of mistake," the government immediately made a propensity argument: "meaning that it wasn’t any mistake that he went to grab that knife and drive it in his brother’s heart because you see, knife is his choice of weapons, and stabbing is his choice of attack. That’s his mode of attack.” (App. at 1320.) And, when the government was finally confronted with an objection to this evidence and required to articulate a basis for its admission before the jury, the government stated that "this is rebuttal and it’s 404(b) which is to rebut testimony of the defendant that he never stabbed his brother [Nonceba], that he doesn’t know what his brother[Nonceba] is talking about, and only one brother has even been stabbed," not to rebut Prince’s explanation of accident or mistake.